SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (SBN 224890)
Bob@SanDiegoConsumerAttorneys.com
Jared M. Hartman, Esq. (SBN 254860)
Jared@SanDiegoConsumerAttorneys.com
41707 Winchester Road, Suite 201
Temecula, CA 92590
PH: 951-293-4187
Fax: 888-819-8230

MEYER WILSON CO., LPA
Matthew R. Wilson, Esq. (SBN 290473)
Mwilson@meyerwilson.com
Michael J. Boyle, Jr. (SBN 258560)
Mboyle@meyerwilson.com
305 W Nationwide Blvd.
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile: (614) 224-6066

Attorneys for Plaintiff, EDWARD BANEGAS

## IN THE U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BANEGAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>A-CHECK AMERICA, INC.,<br><br>Defendant. | Case No.:<br><br>*CLASS ACTION*<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff EDWARD BANEGAS, on behalf of himself and all others similarly situated, files this Class Action Complaint against Defendant A-CHECK AMERICA, INC. ("A-CHECK" or "Defendant") for violations of the Fair Credit Reporting Act.

Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows.

## NATURE OF THE CASE

1.      This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA") brought on behalf of a Class against a Defendant that procures and prepares background information for employment purposes.

2.      The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." By enacting the FCRA, Congress found there is a need to ensure that consumer reporting agencies ("CRAs") exercise their important responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Moreover, Congress included in the statutory scheme a series of protections that impose strict rules on "users of consumer reports," such as Defendant in this case. Specifically, the FCRA provides that a prospective employee must give consent to the background check, which includes both disclosure and authorization, where the authorization and disclosure forms must *stand alone*, without *any* extraneous information.  Defendants' disclosure form fails to do this.  *See Gilberg v. California Check Cashing Stores* (9th Cir. 2019) 913 F.3d 1169.

3.      In order to screen or check job applicants' backgrounds, users of consumer reports are required by the FCRA to: (1) disclose in writing to the consumer, "in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes," and (2) obtain written consent or permission from the applicant. 15 U.S.C. § 1681b(b)(2).

4.      In violation of 1681b(b)(2)(A)(i)-(ii), A-CHECK procured a background check on Plaintiff that relied on a form that did not contain a conspicuous disclosure in a document *that consists solely of the disclosure.*

5.      As a result, in violation of 1681b(b)(2)(A)(i)-(ii), A-CHECK has obtained consumer reports without proper authorization. A-CHECK'S failure to obtain the proper and statutorily required consent or authorization triggers statutory damages

**Class Action Complaint for Damages and Injnctive Relief**

1  under the FCRA - of not less than $100 and not more than $1,000 for each violation - in
2  which A-CHECK obtained a consumer report without valid disclosure and
3  authorization, as well as punitive damages, equitable relief, and attorneys' fees and
4  costs.

5       6.    Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief
6  for himself and a Class of similarly situated employment applicants whose vital
7  substantive rights under FCRA have been violated and/or abridged by Defendant.

8  **PARTIES**

9       7.    Plaintiff Edward Banegas resides in the City of Menifee, County of
10  Riverside, State of California.

11       8.    Defendant A-CHECK is a for-profit company incorporated under the laws
12  of California, with its principal place of business in the City of Riverside, California.

13  **JURISDICTION & VENUE**

14       9.    The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §
15  1681p, and 28 U.S.C. § 1331.

16       10.    Defendant regularly conduct business within the State of California, and
17  maintains a principal place of business in at 1501 Research Park Drive, Riverside, CA.
18  Therefore, personal jurisdiction is established.

19       11.    The Court has personal jurisdiction over the Defendant because it
20  regularly transacts business in California, and the events giving rise to this cause of
21  action occurred primarily within the State of California.

22       12.    Venue is proper in this District because the Court has personal jurisdiction
23  over all parties, and the majority of event giving rise to this cause of action occurred in
24  this District.

25  **FACTUAL ALLEGATIONS**

26       13.    On August 13, 2019, in connection with an application for employment
27  with Riverside Medical Clinic, Plaintiff signed a document on A-CHECK letterhead,
28  evidently drafted by A-CHECK and provided by A-CHECK to Riverside Medical

**Class Action Complaint for Damages and Injnctive Relief**

Clinic for use within Riverside Medical Clinic's standard job application packet, entitled "Authorization for Background Investigation".

14. Attached hereto as "Exhibit A" is a true and correct copy of said document.

15. Exhibit A purports to disclose and require Plaintiff to consent to a background check as part of the employment hiring process.

16. However, the "consent" form included other disclosures in addition to the disclosed requirement of a background check.

17. The disclosure form was not a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" as required by section 1681b(b)(2)(A)(i) for the FCRA.

18. Instead, the application itself contains the following extraneous and unnecessary items:

1) An unnecessary and improper authorization for unidentified other entities and governmental agencies to release to A-CHECK "any and all information in their possession regarding me for the purpose of confirming the information contained on my Application and/or obtaining other information which may be material to my qualifications for employment.";

2) An unnecessary and improper waiver, with regard to the unidentified third-party entities from whom information may be sought, that reads, "I am willing that a photocopy of this authorization be accepted with the same authority as the original, and I specifically waive the need to receive a written notice for disclosure of information from any present or former employer who may provide information based upon this authorization.";

3) A small text box asking the applicants to sign and date either "yes" or "no" that the applicant would like a copy of the report mailed to the applicant's home;

4) An area for the applicant to fill out his/her full driver's license number, social security number, date of birth, and name and address, and to sign off attesting

4

**Class Action Complaint for Damages and Injnctive Relief**

that the information contains the applicant's "true and complete legal name and all information is true and correct to the best of my knowledge"; and

5) A notice in the footer that reads: "NOTICE: This form is the property of A-Check America, Inc.  No alterations to its content may be made without the prior written consent of its author.  Any changes made without A-Check's authorization are considered a breach of contract."

19.   A-CHECK knew or should have known that its form, which did not contain a stand-alone disclosure, was in violation of the FCRA.  The statutory language of section 1681b(b)(2)(A) is clear that no entity can procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).  The case law is likewise clear. *See Gilberg,* 913 F.3d at 1175 ("We concluded that the statute meant what it said: the required disclosure must be in a document that 'consist[s] 'solely' of the disclosure'.").

20.   Upon information and belief, A-CHECK has been advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about the requirements of the FCRA.

21.   For instance, A-CHECK was previously the Defendant in a class action settlement in the case of *Smith v. A-Check America, Inc.*, Central District Case Number 5:16-cv-00174-VAP-KK, which resulted in class certification and settlement for violations of the FCRA for procuring and furnishing background check reports that contained information prohibited from inclusion within background check reports, in violation of the FCRA.  In a Declaration of A-CHECK'S Compliance Director, dated January 19, 2017 and provided in support of the class action settlement, A-CHECK

stated, "A-Check takes compliance with the FRCRA and state equivalent laws seriously." *See Smith*, Dkt. No. 56-2, at 25, ¶ 3.

22.    As a result, A-CHECK violated a clear and unambiguous statutory mandate that it was or should have been aware of in the course of undertaking its business operations.  As such, A-CHECK willfully violated 15 U.S.C. § 1681b(b)(2)(A).

23.    Besides being in clear contravention of the FCRA, A-CHECK creates a real risk of harm to applicants for employment when it procures background reports without insisting on a proper and statutorily compliant disclosure form.  A form in which the disclosure is buried in one section of a larger document results in information overload, which inhibits a consumers' ability to agree to a background check with full knowledge of their rights and the potential consequences.

24.    As a result of A-CHECK'S failure to comply with the disclosure and authorization requirements of the FCRA, Plaintiff suffered concrete harm—he was deprived of the disclosure that was necessary for him to give informed consent to a background check. In subsequently obtaining Plaintiff's background report without proper authorization, Plaintiff suffered additional harm when his statutory right to privacy was invaded.

## CLASS ACTION ALLEGATIONS

25.    Pursuant to Fed. R. Civ. P. 23 and FCRA § 1681b(b), Plaintiff brings this action on behalf of himself and on behalf of the following Classes:

(a) All natural persons residing within the United States and its Territories with respect to whom, within five years prior to the filing of this action and extending through the resolution of this action, A-CHECK procured or caused to be procured a consumer report for employment purposes via a form identical or substantially similar to the form signed by Plaintiff.

26.    Plaintiff reserves the right to amend the definition of the class based on discovery or legal development.

27.    Plaintiff and all Class members have been harmed by the acts of Defendant. Plaintiff and members of the Class have suffered an invasion of their privacy and been deprived of substantive rights granted to them by the FCRA.

28.    Plaintiff and members of the Class have suffered concrete informational harm by A-CHECK'S failure to obtain proper consent, which unfairly deprived them of relevant information.

29.    Plaintiffs and members of the Class have suffered concrete harm and been deprived of their ability to meaningfully authorize a consumer background report.

30.    A-CHECK acted on grounds generally applicable to the Class, thereby making final relief with respect to the Class as a whole appropriate.

31.    This Class Action Complaint seeks money damages for each member of the Class pursuant to the statutory damages provision of 15 U.S.C.§ 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3), and/or appropriate declaratory/injunctive relief.

32.    Upon information and belief, Plaintiff alleges that the Class members are so numerous that joinder is impractical. The names and addresses of the Class members are identifiable through documents maintained by A-CHECK, and the Class members may be notified of the pendency of this action by published and/or mailed notice.  A-CHECK is in the business of providing background checks and the form at issue here appears to be its standard form.

33.    Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

- Whether A-CHECK willfully violated Section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without obtaining a clear and conspicuous disclosure in a

document that consists solely of the disclosure that a consumer report may be obtained for employment purposes;

- Whether Class members are entitled statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), and if so, in what amount;

- Whether Plaintiff and other Class members are entitled to declaratory, injunctive, or other equitable relief.

34.    Plaintiff's claims are typical of the claims of each Class member. Plaintiff makes the same claims that he makes for the Class members and seeks the same relief that it seeks for the Class members. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class, and A-CHECK has acted in the same manner towards Plaintiff and all Class members.

35.    Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the members of the Classes.

36.    In addition to certification under Fed. R. Civ. P. 23(b)(3), Plaintiff also seeks certification under Fed. R. Civ. P. 23(b)(2), in that Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief and/or corresponding declaratory relief is appropriate respecting the Class as a whole.

37.    Plaintiff has standing to seek an injunction against Defendant in that he could seek future employment from another employer who utilizes the same standard A-CHECK form as what is attached hereto as Exhibit A, and thus would be again subject to the improper and illegal background check procedures.

38.    Plaintiff and all Members of the Class seek an injunction and/or corresponding declaratory relief stipulating that: a) A-CHECK must, prior to obtaining a prospective employee's authorization to procure a background report, produce in a

clear and conspicuous manner a disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes, and b) that A-CHECK may not procure or cause to be procured a copy of the prospective employee's consumer report without first obtaining proper authorization and consent from the prospective employee.

39.    Pursuant to Fed. R. Civ. P. 23(b)(3), the questions of law and fact in this case that are common to all Class members predominate over individual issues (if any) because the key issues that need to be resolved pertain to A-CHECK'S procedures and knowledge and so do not vary from one Class member to another.

40.    Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system present by the legal and factual issues raised by A-CHECK'S conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.  Moreover, management of a single class proceeding is unlikely to present any administrative or logistical difficulties.

41.    Plaintiff may seek partial certification under Fed. R. Civ. P. 23(c)(4) in that questions of law and fact common to the class exist as to all Class members. Such a partial certification would be in the alternative to certification under Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

## CLAIMS FOR RELIEF
## COUNT ONE:
**Failure to Obtain Proper Authorization in Violation of the FCRA**
**(On Behalf of Plaintiff and the Class), 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii)**

42.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

43.    A-CHECK violated 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) by procuring, or causing to be procured, consumer reports relating to Plaintiff and other Class members, without proper authorization. By failing to require the disclosure and authorization forms to contain a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes, A-CHECK failed to obtain proper authorization from Plaintiff and Class members.

44.    A-CHECK'S violations were willful in that A-CHECK acted in deliberate disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

45.    A-CHECK caused Plaintiff and Class members to suffer concrete harm and damages by not insisting that the individuals about whom A-CHECK was obtaining background information were fully aware of their rights and protections under the FCRA. Plaintiff and Class members suffered further concrete harm when their privacy was invaded by the procurement of their consumer without proper consent and authorization.

46.    Plaintiff and the Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A).

47.    Additionally, Plaintiff and Class members seek an injunction and/or corresponding declaratory relief stipulating that A-CHECK may not procure or cause to be procured a copy of the prospective employee's consumer report without first obtaining proper authorization and consent from the prospective employee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

1.    An order certifying the proposed FCRA class herein under Federal Rule 23

10

1 and appointing Plaintiff and his undersigned Counsel as representatives of record to
2 represent the same;

3    2.    As a result of A-CHECK'S willful violations of 15 U.S.C. §
4 1681b(b)(2)(A)(i)-(ii), Plaintiff seeks for himself and each member of Class A
5 damages, as provided by statute, of between $100 and $1,000 per violation;

6    3.    As a result of Defendant's willful violations of 15 U.S.C. §
7 1681b(b)(2)(i),-(ii), Plaintiff seeks punitive damages in an amount determined at trial;

8    4.    That the Court award costs and reasonable attorneys' fees to Plaintiff and
9 the Class;

10    5.    An award of pre-judgment and post-judgment interest as provided by law;
11 and

12    6.    That the Court grants such other and further relief as may be just and
13 proper, including but not limited to any injunctive and/or declaratory relief that may be
14 permitted.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**Class Action Complaint for Damages and Injunctive Relief**

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: October 28, 2020

/s/ Jared M. Hartman
SEMNAR & HARTMAN, LLP
Babak Semnar
Jared M. Hartman
41707 Winchester Road, Suite 201
Temecula, CA 92590
Telephone: (951) 293-4187
Facsimile: (888) 819-8230

MEYER WILSON CO., LPA
Matthew R. Wilson, Esq. (SBN 290473)
Mwilson@meyerwilson.com
Michael J. Boyle, Jr. (SBN 258560)
Mboyle@meyerwilson.com
305 W Nationwide Blvd.
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile: (614) 224-6066

12

**Class Action Complaint for Damages and Injunctive Relief**